**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDWARD HALVERSON,<br>      #1030045 | )<br>)<br>) |
|       Plaintiff, | )     2:10-cv-01132-PMP-LRL |
| vs. | )<br>)     **ORDER** |
| HOWARD SKOLNIK, *et al.*, | )<br>) |
|       Defendants. | ) |

On August 2, 2010, the court issued an order (docket #8) consolidating this civil rights action with three other actions that raised nearly identical allegations: that the inmate-plaintiffs are insulin-dependent diabetics and that on or about the end of June 2010, Southern Desert Correctional Center ("SDCC") medical personnel issued them a different type of insulin syringes that were not single-use syringes. (*Frixione v. Skolnik, et al.*, 2:10-cv-01235-PMP-RJJ (docket #1); *Jones v. Skolnik, et al.*, 2:10-cv-01214-RLH-LRL (docket #1); *Rea v. Skolnik, et al.*, 2:10-cv-01217-PMP-PAL (docket #1)). Plaintiffs in the latter three cases additionally allege that when inmate Halverson questioned staff about the expiration date of the syringes, the staff collected and removed or concealed the remaining syringes. Halverson helped the plaintiff in these three cases prepare their complaints, and all three

complaints name the same defendants, allege the same facts and constitutional violations and seek similar injunctive relief.[1]

On July 16, 2010, another SDCC inmate filed a fifth action that again sets forth nearly identical allegations as those described above (*Powell v. Skolnik, et al.*, 2:10-cv-01182-JCM-PAL (docket #1)). Halverson also assisted Powell in preparing his complaint.

Under Rule 42 of the Federal Rules of Civil Procedure, the court may consolidate actions when they "involve a common question of law or fact." FRCP 42(a)(2). Such consolidation promotes judicial efficiency and avoids potentially conflicting results. *See generally*, FRCP 42. The instant action, along with the three other actions discussed herein, involve nearly identical allegations, and thus clearly involve common questions of law or fact. Accordingly, the instant case is consolidated with the four other actions discussed herein that have previously been consolidated.

**IT IS THEREFORE ORDERED** that the following action shall be consolidated pursuant to FRCP 42:

POWELL V. SKOLNIK, ET AL., 2:10-cv-01182-JCM-PAL

with the cases that were previously consolidated, the lead case being

HALVERSON V. SKOLNIK, ET AL, 2:10-cv-01132-PMP-LRL.

**IT IS FURTHER ORDERED** the following action:

POWELL V. SKOLNIK, ET AL., 2:10-cv-01182-JCM-PAL

is hereby re-assigned to United States District Judge Philip M. Pro and United States Magistrate Judge Lawrence R. Leavitt.

**IT IS FURTHER ORDERED** that the Clerk of Court **shall file** a copy of this order in each of these actions:

POWELL V. SKOLNIK, ET AL., 2:10-cv-01182-JCM-PAL;

FRIXIONE V. SKOLNIK, ET AL., 2:10-cv-01235-PMP-RJJ;

---

[1] The complaints in these three actions will be screened pursuant to 28 U.S.C. § 1915(e)(2) after the receipt and resolution of applications to proceed *in forma pauperis*.

JONES V. SKOLNIK, ET AL., 2:10-cv-01214-RLH-LRL;

REA V. SKOLNIK, ET AL., 2:10-cv-01217-PMP-PAL

**IT IS FURTHER ORDERED** that the Clerk of Court **shall modify** the docket of each of these actions:

HALVERSON V. SKOLNIK, ET AL., 2:10-cv-01132-PMP-LRL;

POWELL V. SKOLNIK, ET AL., 2:10-cv-01182-JCM-PAL;

FRIXIONE V. SKOLNIK, ET AL., 2:10-cv-01235-PMP-RJJ;

JONES V. SKOLNIK, ET AL., 2:10-cv-01214-RLH-LRL;

REA V. SKOLNIK, ET AL., 2:10-cv-01217-PMP-PAL

to reflect that these five matters have been consolidated and that the lead action is:

HALVERSON V. SKOLNIK, ET AL., 2:10-cv-01132-PMP-LRL.

**IT IS FURTHER ORDERED** that each of the actions shall proceed in its own right.

DATED this 17th day of September, 2010.

_____
ROGER L. HUNT
Chief United States District Judge