1

2

3

4                    **UNITED STATES DISTRICT COURT**

5                         **DISTRICT OF NEVADA**

6

7   DARRYL L. JONES,                    )        2:10-cv-01214-PMP-LRL
          #1046773                      )
8                                       )
                Plaintiff,              )            **ORDER**
9   vs.                                 )
                                        )
10  HOWARD SKOLNIK, *et al.*,           )
                                        )
11              Defendants.             )
    _____ /
12

13          This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  On October 6, 2010, the

14  court dismissed this action without prejudice for failure to exhaust administrative remedies (docket #10),

15  and judgment was entered (docket #11).  Before the court are plaintiff's motion to alter or amend order

16  dismissing the case (docket #16), motion to seek leave to waive the administrative remedy process

17  (docket #17) and motion for this court to remove complaint from consolidation (docket #18).

18          Where a ruling has resulted in final judgment or order, a motion for reconsideration may be

19  construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure

20  59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b).  *School Dist. No. 1J*

21  *Multnomah County v. AC&S, Inc*., 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

22          Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the

23  following reasons:

24              (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
                discovered evidence which by due diligence could not have been
25              discovered in time to move for a new trial under Rule 59(b); (3) fraud
                (whether heretofore denominated intrinsic or extrinsic),
26              misrepresentation, or other misconduct of an adverse party; (4) the
                judgment is void; (5) the judgment has been satisfied, released, or

> discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In the order of October 6, 2010, the court dismissed plaintiff's complaint without prejudice because plaintiff indicated on the face of the complaint that he had failed to exhaust administrative remedies. Plaintiff has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order dismissing the action should be reversed. Accordingly, plaintiff's motion to alter or amend order dismissing the case is denied.

With respect to plaintiff's motion to seek leave to waive the administrative remedy process (docket #17), plaintiff claims that defendants cannot grant the relief that plaintiff seeks in his complaint through the administrative process. However, the United States Supreme Court has considered "whether or not a remedial scheme is 'available' where the administrative process has authority to take some action in response to a complaint, but not the remedial action an inmate demands to the exclusion of all other forms of redress." *Booth v. Churner,* 532 U.S. 731, 736 (2001) (considering whether the Prison Litigation Reform Act ("PLRA") required an inmate who sought injunctive relief and monetary compensation for alleged Eighth Amendment violations to exhaust the prison grievance process even

2

though there was no possibility of monetary relief). In *Booth*, the Court concluded that the PLRA requires prisoner plaintiffs to pursue a remedy through a prison grievance process as long as some action can be ordered in response to the complaint. The Court determined that prisoners are obligated to navigate the prison's administrative review process "regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible." *Id*. at 739-41. Accordingly, plaintiff's motion to seek leave to waive the administrative remedy process (docket #17) is denied.

Finally, plaintiff filed a motion for this court to remove complaint from consolidation (docket #18). As plaintiff's complaint has been dismissed without prejudice, this motion is denied as moot. The court also notes that while plaintiff claims in the motion that he will suffer prejudice because he has a different theory of the case than other plaintiffs in the other consolidated matters, as set forth in the order consolidating the cases, each case proceeds in its own right, and thus plaintiff has suffered no prejudice from the litigation decisions of other plaintiffs.

Plaintiff's proposed amended complaint (docket #19) is also stricken, as this case is closed. Plaintiff is advised that this action has been dismissed without prejudice for failure to exhaust his administrative remedies. If plaintiff chooses to exhaust his administrative remedies, he may seek to pursue litigation at that point by filing a new case with a new case number.

**IT IS THEREFORE ORDERED** that the following motions brought by plaintiff: motion to alter or amend order dismissing case (docket #16); motion to seek leave to waive the administrative remedy process (docket # 17) and motion for this court to remove complaint from consolidation (docket #18) are **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's proposed amended complaint (docket #19) is **STRICKEN**. Plaintiff shall file no further documents in this closed case.

DATED: January 19, 2011.

_____
PHILIP M. PRO
United States District Judge